IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BURTRICE ROSHAUN PARRISH,

    Plaintiff,                    No. CIV S-05-0190 LKK KJM P

vs.

DR. TRAQUINA, C.M.O., et al.,

    Defendants.             <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 under the authority of 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee in effect at the time of filing of this action, $150.00. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $0.60 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments

1

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

I. Screening The Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff alleges he must use a continuous positive airway pressure (CPAP) machine to keep his airways open while he sleeps. On several occasions, defendant Rowdon would not allow him to see the doctor and would deny him supplies for maintaining the machine, including the distilled water for cleaning the machine. Complaint (Compl.) at 4. In addition, defendant Branaman has refused to provide him supplies for the machine. Id. He alleges that defendants Traquina, Croll, and Branaman have delayed showing him how to use and service the CPAP machine, which has led to "significant pain and undue discomfort." Id.

Additional allegations center on the failure of defendant Dickerson, the appeals coordinator, to process the grievances about his medical care properly. Id.

Another portion of the complaint concerns the refusal by defendants Brown, Meeks and Johns to maintain him in a single cell while in segregation, even though doctors had recommended it after plaintiff's cellmates had complained about the machine and even disabled it on occasion. The complaint also alleges these defendants delayed plaintiff's clinic appointments for supplies for the CPAP machine. In addition, defendants Brown and Meeks retaliated against plaintiff with additional write-ups. Id.

Finally, plaintiff alleges defendant Hernandez refused to provide him the soap to clean the CPAP machine, even though he had a doctor's order for its issuance. Id.

A. Medical Care

In Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under section 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs." To establish deliberate indifference, plaintiff must show that defendants knew of and disregarded an excessive risk to his health or safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994). A prison official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

The nature of a defendant's responses must be such that the defendant purposefully ignores or fails to respond to a prisoner's pain or possible medical need in order for "deliberate indifference" to be established. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir.1992), overruled in part on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir.1997). Deliberate indifference may occur when prison officials deny, delay, or intentionally interfere with medical treatment, or may be demonstrated by the way in which prison officials provide medical care. McGuckin, 974 F.2d at 1059-60.  A serious medical need is an "injury that a reasonable doctor or patient would find worthy of comment or treatment" or "serious or chronic pain." Estelle, 429 U.S. at 104; McGuckin, 974 F.2d at 1059-60.  Official delay in providing necessary medical equipment or supplies or use of "precarious" equipment may state a claim for an Eighth Amendment violation.  Hunt v. Dental Dep't., 865 F.2d 198, 200-01 (9th Cir. 1989) (three month delay in replacing dentures); Cummings v. Roberts, 628 F.2d 1065, 1068 (8th Cir. 1980) (failure to give bedridden inmate wheelchair); Newman v. State of Alabama, 503 F.2d 1320, 1331 (5th Cir. 1974) (use of anachronistic and precarious medical techniques and equipment).

       Plaintiff does not allege he was deprived of the CPAP machine entirely, only that he had problems obtaining the necessary supplies, cleaning materials and training.  Such a delay may equal an Eighth Amendment violation if it leads to pain or further injury.  Hunt, 865 F.2d at 200-01; Shapley v. Nevada Board of State Prison Comm'rs., 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).  Moreover, while plaintiff claims some of his clinic appointments were delayed while he was in segregation, he does not tie these alleged delays to any deterioration in his condition.

       Here, plaintiff has alleged generally that defendants' acts caused him pain and discomfort.  It is not clear whether the allegations of pain relate to the delay in providing supplies; therefore, plaintiff will be given an opportunity to amend this portion of his complaint if he is able to do so while complying with Federal Rule of Civil Procedure 11.

B. <u>Grievances</u>

There is no constitutional right to a grievance procedure. <u>Mann v. Adams</u>, 846 F.2d 589 (9th Cir. 1988). Accordingly, any claimed error in the handling of plaintiff's administrative grievances and appeals does not state a cognizable claim. Plaintiff should not include claims based on the grievance process in any amended complaint.

C. <u>Single-Cell Status</u>

An inmate generally has no right to a particular type of housing in prison. See <u>Olim v. Wakinekona</u>, 461 U.S. 238, 244-45 (1983) (no constitutional right to be housed in any particular prison).

An inmate does have a right to be protected from violence at the hands of other inmates. In <u>Farmer v. Brennan</u>, 511 U.S. 825, 833 (1994), the Supreme Court confirmed what the Courts of Appeal had "uniformly held": "'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners'" under the Eighth Amendment. As noted above, however, a prison official is not liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Id</u>. at 837.

In <u>Berg v. Kincheloe</u>, 794 F.2d 457 (9th Cir. 1986), the Ninth Circuit examined the duty to protect. Berg claimed he had been placed in protective custody because his life was in danger and that he told Marsh, a prison official, he would be in even greater danger if he went to his job as a tier porter. Marsh ignored his protest and sent him to work, where he was beaten and raped. The Ninth Circuit reversed the district court's grant of summary judgment because the pro se complaint, read liberally, stated a prima facie cause of action. The court observed:

/////

/////

/////

> The standard does not require that the guard or official believe to a moral certainty that one inmate intends to attack another at a given place at a time certain before that officer is obligated to take steps to present such an assault. But, on the other hand, he must have more than a mere suspicion that an attack will occur.

Id. at 459 (internal citation and quotation omitted).

Plaintiff alleges only that a past cell-mate had tampered with the CPAP machine and that others might become annoyed by the sound of the machine at night. He points to no specific threats that the defendants heard but ignored. This allegation does not state an Eighth Amendment violation, particularly because plaintiff has presented nothing showing he was harmed after he began to ask for single-cell status. In the event he may be able to plead additional facts, he will be given an opportunity to amend this portion of his complaint, if he is able.

D.  Retaliation

Plaintiff alleges in general terms that defendants Brown and Meeks retaliated against him; he does not claim the defendants retaliated in response to his use of the grievance process.

Retaliatory actions taken against a prisoner for exercising his First Amendment rights violate the constitution whether or not the underlying misconduct would establish a constitutional violation. Rhodes v. Robinson, ___ F. 3d ___, 2005 WL 937814, *5 (9th Cir. 2005).

> [A] viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Id. In this case, plaintiff has not linked the retaliation to any protected activities on his part. He will be given an opportunity to amend this portion of his complaint as well, if he is able.

6

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

II. Motion To Submit Exhibits

On April 29, 2005, plaintiff filed a motion for leave to file exhibits demonstrating exhaustion of administrative remedies. Plaintiff may attach these to any amended complaint he files in compliance with this order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $150.00 for this action.

Plaintiff is assessed an initial partial filing fee of $0.60. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

      3. Plaintiff's complaint is dismissed.

      4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

      5. Plaintiff's April 29, 2005 motion to submit exhibits is denied as unnecessary.

DATED: May 24, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

2/parr0190.14