IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BURTRICE R. PARRISH,

    Plaintiff,                  No. CIV S-05-0190 LKK KJM P

    vs.

DR. TRAQUINA, et al.,             <u>ORDER AND</u>

    Defendants.           <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. On May 24, 2005, the court dismissed plaintiff's complaint, giving him leave to file an amended complaint. On June 7, 2005, plaintiff complied with the order, but on June 21, 2005, he sought leave to file a second amended complaint so he may "concisely and adequately" present the cause of action. This reason constitutes the good cause necessary to grant the motion.

        In addition, on June 14, 2005, plaintiff filed a motion for a temporary restraining order and preliminary injunction. He notes that he suffers from sleep apnea and has been provided a "GoodKnight 420-G Humidifier" for night-time use. Motion Moving for a TRO (Mot.) at 2 & Ex. A. He claims that on June 8, 2005, nurse Jayo and Medical Technical Assistant (MTA) Dougherty informed him the institution would no longer provide white vinegar

1

to clean the machine, even though the manufacturer's instructions call for vinegar to be used. Mot. at 2 & Ex. B. He asserts that he is in danger from bacterial contamination if the machine is not cleaned properly.

The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing. The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction. It is apparent however, that requests for temporary restraining orders that are ex parte and without notice are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990). In many cases the emphasis of the court is directed to irreparable harm and the balance of hardships because the merits of a controversy are often difficult to ascertain and adjudicate on short notice.

The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id.

Plaintiff has not made a sufficient showing of possible irreparable harm for the

court to order he be provided white vinegar.[1] Although the court acknowledges his concern about proper cleaning of his humidifier, plaintiff has not shown that the use of white vinegar is the only method of cleaning the equipment or that simply washing with soap and air drying the components would not be similarly effective. Mot., Ex. B (unauthenticated cleaning instructions appear to provide that washing and air drying or washing with vinegar and water should be followed).

IT IS HEREBY ORDERED that:

1. Plaintiff's June 21, 2005 request to file a second amended complaint is granted. This document should be filed within thirty days of the date of this order and bear the case number assigned to this action.

2. Plaintiff's request for a temporary restraining order is denied.

IT IS HEREBY RECOMMENDED that plaintiff's request for a preliminary injunction be denied.

These findings and the above recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties

/////
/////
/////
/////
/////

---

[1] Plaintiff also requests that he be provided "medical treatment(s) to determine the extent of [his] health condition," Mot. at 5, but provides no further details to support this request.

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 30, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

parr0190.tro