IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BURTICE ROSHAUN PARRISH,

        Plaintiff,                  No. CIV S-05-0190 LKK KJM P

    vs.

DR. TRAQUINA, et al.,

        Defendants.              <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Defendants have filed a motion to dismiss on the ground that plaintiff has not exhausted his administrative remedies and that the allegations of retaliation fail to state a claim under the civil rights act.

I. <u>Allegations In Complaint</u>

        In his amended complaint, plaintiff alleges that he has sleep apnea and must use a C-Pap machine to help him breathe at night. He makes the following allegations about the defendants' conduct in connection with his medical difficulties:

        Defendant Branaman refused to show him how to use the machine properly, ordered cider vinegar instead of the white vinegar necessary to clean the machine and refused to provide him with mild soap for additional cleaning. Amended Complaint (Am. Compl.) at 3-4.

1

| | |
|---|---|
| 1 | Defendant Hernandez refused to provide him with mild soap to clean the machine. |
| 2 | Id. at 4. |
| 3 | Defendant Rowdon refused to provide him with the necessary supplies to |
| 4 | maintain the machine and also had correctional officers falsify a rules violation report when |
| 5 | plaintiff arrived to pick up his supplies. Id. at 5. |
| 6 | Defendants Brown, Meeks and Johns ignored the doctor's order that plaintiff be |
| 7 | given a single cell while in administrative segregation and retaliated against him by delaying his |
| 8 | doctors' appointments and interfering with his ability to get supplies. Id. at 6-7. |
| 9 | II. Exhaustion |
| 10 | The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be |
| 11 | brought with respect to prison conditions under section 1983 of this title, . . . until such |
| 12 | administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Conditions of |
| 13 | confinement" subject to exhaustion have been defined broadly as "'the effects of actions by |
| 14 | government officials on the lives of persons confined in prisons.'" 18 U.S.C. § 3626(g)(2); |
| 15 | Smith v. Zachary, 255 F.3d 446, 449 (7th Cir. 2001), cert. denied, 535 U.S. 906 (2002); see also |
| 16 | Lawrence v. Goord, 304 F.3d 198, 200 (2d Cir. 2002). The exhaustion requirement is |
| 17 | mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). Moreover, all available steps in the |
| 18 | administrative process must be completed before a civil rights action is filed; exhaustion during |
| 19 | the pendency of the litigation will not save a claim or an action from dismissal. McKinney v. |
| 20 | Carey, 311 F.3d 1198, 1200 (9th Cir. 2002). |
| 21 | The California prison grievance procedure has several layers, culminating in the |
| 22 | third, or Director's, level review. Cal.Code Regs tit. 15, §§ 3084.1- 3084.5. Administrative |
| 23 | procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," |
| 24 | after third level review, with respect to his issues or claims, unless a step of the grievance process |
| 25 | is not available to plaintiff. Cal. Code Regs. tit. 15, § 3084.5. In addition, to satisfy the |
| 26 | exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has |

included in the complaint. Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case"); Brown v. Sikes, 212 F.3d 1205, 1209 (11th Cir. 2000) (1997e(a) requires that a prisoner provide as much relevant information as he reasonably can in the administrative grievance process).

A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2002), cert. denied sub nom. Alameida v. Wyatt, 540 U.S 810 (2003). In deciding a motion to dismiss for a failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. Defendants bear the burden of proving plaintiff's failure to exhaust. Id. at 1119.

Defendants have submitted the declaration of S. Cervantes, the Inmate Appeals Coordinator at California State Prison, Solano (SOL), where plaintiff is housed. Cervantes avers that a search of plaintiff's appeal records at SOL did not produce any inmate appeals submitted by plaintiff that correspond to the claims in the complaint. Motion to Dismiss, Ex. A, Declaration of S. Cervantes ¶¶ 3, 9.

Plaintiff concedes that he has not exhausted his administrative remedies as to defendants Hernandez, Brown, Meeks and Johns. As the Ninth Circuit has recognized, a prisoner's concession of failure to exhaust is a proper basis for dismissal. Wyatt, 315 F.3d at 1119. Accordingly, the motion to dismiss the claims against these four defendants will be granted without prejudice.

Plaintiff contends that he has exhausted administrative remedies as to defendants Rowdon and Brannaman and has submitted supporting evidentiary material.

Exhibit B in support of plaintiff's opposition is a series of documents relating to SOL grievance log number 04-1198. Although the copy of the original 602 is difficult to read, it does appear to complain of defendant Branaman's refusal to secure the supplies necessary to

keep plaintiff's C-Pap machine clean. Opposition (Opp'n), Ex. B (602 form). The second level response lists plaintiff's complaints against defendant Branaman and assures him he will be provided with sterile water and white vinegar for cleaning his C-Pap machine. Id., Ex. B (Second Level Response, log no. 04-1198). The Director's Level response, dated August 31, 2004, notes that one of plaintiff's complaints was that he has not been shown the correct way to operate and maintain his C-Pap machine. This exhausts plaintiff's administrative remedies as to defendant Branaman.

Exhibit C in support of the opposition consists of a number of documents relating to SOL grievance log number 05-00311, which is based on defendant Rowdon's refusal to provide plaintiff with supplies to clean his C-Pap machine, including a Director's Level Decision dated July 11, 2005. Opp'n, Ex. C (Director's Level Decision, log no. 05-00311). Although plaintiff has exhausted his administrative remedies with regard to Rowdon, he did not complete the process before the original complaint was filed on January 28, 2005, as required. This is not sufficient to meet the exhaustion requirements of the PLRA.

III. Failure To State A Claim

The motion to dismiss for failure to state a claim was directed to allegations against defendants Brown, Meeks and Johns; it is moot in light of the determination that plaintiff has not exhausted his administrative remedies.

IT IS HEREBY RECOMMENDED that:

1. The motion to dismiss as to defendants Rowdon, Hernandez, Brown, Meeks and Johns be granted without prejudice; and

2. The motion to dismiss as to defendant Branaman be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
2 shall be served and filed within five days after service of the objections. The parties are advised
3 that failure to file objections within the specified time may waive the right to appeal the District
4 Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5 DATED: January 17, 2007.

_____
U.S. MAGISTRATE JUDGE

2

parr0190.57